UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/20/2021

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND
INDUSTRY FUND; TRUSTEES OF THE
NEW YORK CITY CARPENTERS RELIEF
AND CHARITY FUND; CARPENTER
CONTRACTOR ALLIANCE OF
METROPOLITAN NEW YORK; and NEW
YORK CITY DISTRICT COUNCIL OF
CARPENTERS,

No. 20-CV-3949 (RA)

MEMORANDUM
OPINION & ORDER

Petitioners,

v.

TALICO CONTRACTING INC.,

Respondent.

RONNIE ABRAMS, United States District Judge:

Petitioners Trustees of the New York City District Council of Carpenters Pension Fund,

Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and

Industry Fund; Trustees of the New York City Carpenters Relief and Charity Fund; Carpenter

Contractor Alliance of Metropolitan New York; and New York City District Council of Carpenters

(collectively, "Petitioners") seek confirmation of an arbitration award against Respondent Talico

Contracting Inc.  Respondent did not oppose the petition.  For the reasons set forth below, the

petition is granted.

## BACKGROUND[1]

There are four Petitioners in this action.  The first Petitioner—Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund—is a group of employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA").  Dkt. 1 ("Pet.") ¶ 4.  The second Petitioner is the Trustees of the New York City District Council of Carpenters Relief and Charity Fund, trustees of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code.  *Id.* ¶ 5.  The third Petitioner is the Carpenter Contactor Alliance of Metropolitan New York, a New York not-for-profit corporation.  *Id.* ¶ 6.  These three entities are referred to herein as the "Funds."  The fourth and final Petitioner is the New York City District Council of Carpenters (the "Union"), a labor union.  *Id.* ¶ 7.  Respondent Talico Contracting Inc. is a New York corporation and an employer within the meaning of ERISA.  *Id.* ¶ 8.

Pursuant to contracts with the New York City Housing Authority ("NYCHA") and the Dormitory Authority of the State of New York ("DASNY"), Respondent agreed to be bound by certain project labor agreements ("PLAs"); those PLAs further bound Respondent to the terms of a collective bargaining agreement ("CBA") that was struck between the Hoisting and Scaffolding Trade Association and the Union.  Pet. ¶¶ 9-13.  The CBA requires Respondent to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union and to make its books and payroll records available for

---

[1] The Court draws the following facts from the Petition and the exhibits thereto.

audits to ensure compliance. *Id*. ¶¶ 15-16; *id.* Ex. D ("CBA") art. IX, § 1. The CBA further provides that either party may seek to arbitrate disputes or disagreements concerning payments to the Funds before an impartial arbitrator. Pet. ¶ 19; CBA art. IX, § 7.

The CBA also binds employers to the Funds' Collection Policy. If an employer refuses to permit a payroll review or audit, or otherwise refuses access to relevant records, the Policy entitles the Funds to estimate contributions owed by the employer "based on the assumption that the employer's weekly hours subject to contributions for each week of the requested audit period are the highest number of average hours reported per week for any period of four consecutive weeks during the audit period." Pet. ¶¶ 17-18, 20; *id.* Ex. E ("Collections Policy") § IV(12). In the event that the Funds initiate a court dispute over unpaid contributions, the CBA entitles the Funds to collect those unpaid contributions, plus "(1) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (2) liquidated damages in the amount of 20% of the unpaid contributions; and (3) reasonable costs and attorneys' fees incurred by the Funds in collecting the delinquencies." Pet. ¶ 21; *see also* CBA art. IX, § 6(a)-(f).

The instant dispute arose when Respondent failed to comply with an audit requested by Petitioners. Pet. ¶¶ 22, 23. Estimating the amount owed to be $578,214.04, Petitioners initiated arbitration before the designated arbitrator. *Id*. ¶¶ 24-25. Respondent, despite having been served with a notice of hearing, did not appear at the arbitration proceedings. *See id*. Ex. G ("Award") at 2. The arbitrator found that Respondent violated the CBA and ordered Respondent to pay the Funds $755,054.49, a sum comprising the estimated delinquent principal payments, interest, liquidated damages, fees, and costs. *Id.* ¶ 27. The arbitrator also found that interest of 7.5% per year would accrue on the award from its date of issuance. *Id.* ¶ 28. Respondent has failed to pay any portion of the Award. *Id*. ¶ 30.

3

On May 21, 2020, Petitioner filed this petition, seeking an order confirming the award and granting judgment in the amount of $755,054.49 plus interest from the date of the Award through the date of judgment, post-judgment interest, attorneys' fees, and costs arising from the petition. The Court directed Respondent to file any opposition by June 26, 2020.  Dkt. 7.  Respondent has not submitted any response to the petition.  On April 21, 2021, Petitioners accordingly requested that the Court deem their petition an unopposed motion for summary judgment.  Dkt. 10.

## STANDARD OF REVIEW

"Because arbitration awards are not self-enforcing, they must be given force and effect by being converted to judicial orders by courts."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006).[2]  Under the Federal Arbitration Act ("FAA"), if the parties have agreed that a judgment of the court shall be entered upon an award made pursuant to an arbitration, then any party to that agreement may apply for a judicial decree confirming the award within a year after the award is made, which a court "must grant . . . unless the award is vacated, modified, or corrected" as prescribed by the FAA.  9 U.S.C. § 9.  "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *Seneca Nation of Indians v. New York*, 988 F.3d 618, 625 (2d Cir. 2021) (quoting *D.H Blair & Co.*, 462 F.3d at 110).  Because "[a]rbitration panel determinations are generally accorded great deference under the FAA," a "court is required to enforce the arbitration award as long as there is a barely colorable justification for the outcome reached."  *Leeward Constr. Co. v. Am. Univ. of Antigua–Coll. of Med.*, 826 F.3d 634, 638 (2d Cir. 2016).

An unanswered petition to confirm an arbitration award is treated as an unopposed motion

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, omissions, and alterations.

for summary judgment, which "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *D.H. Blair & Co.*, 462 F.3d at 109-10. Accordingly, the Court may not grant an unopposed petition to confirm an arbitral award "without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

## DISCUSSION

Petitioners argue that they are entitled to confirmation of the arbitration award, post-judgment interest, attorneys' fees, and costs.  The Court agrees.

## I.    Confirmation of the Arbitration Award

On the basis of Petitioners' submissions, the Court finds that they have demonstrated entitlement to confirmation of the arbitration award as a matter of law.

First, Petitioners have presented undisputed evidence that the parties agreed to arbitrate the claim brought here.  The CBA, which binds Respondent through its letters of assent to the PLAs, *see* Pet. Ex. A, provides in relevant part:

> Should any dispute or disagreement arise between the parties hereto, or between the Union and any Employer signatory hereto, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder.

CBA art. IX, § 7.  The instant dispute arose when Respondent failed to comply with an audit of its records, as required by Article IX, § 1 of the CBA, that was necessary to assess benefit-fund contributions.  This dispute is plainly within the scope of the CBA's broadly worded arbitration provision.

Second, there is no dispute that the arbitrator acted within the scope of his authority.

5

Pursuant to the CBA, the arbitrator "shall have full and complete authority to decide any and all issues" raised by a party in its notice of intent to arbitrate and "to fashion an appropriate remedy including, but not limited to, monetary damages." CBA art. IX, § 7. Petitioners have submitted undisputed evidence, including the CBA and the Award itself, that the arbitrator's remedy was appropriate under the terms of the CBA. In accordance with the CBA and the Collection Policy, the Funds estimated the amount owed at $578,214.04, and the arbitrator rendered his award based on that amount. Pet. ¶¶ 24, 27; Award at 2-3. Lastly, it is undisputed that the arbitrator's remedy was appropriate, because monetary damages, interest, fees, and costs are specifically identified as forms of relief available under the CBA. CBA art. IX, § 6.

In sum, the evidence submitted by Petitioners satisfies their burden of demonstrating entitlement to judgment as a matter of law. *See D.H. Blair*, 462 F.3d at 110. Accordingly, the Court confirms the Award in favor of Petitioners.

## II.     Attorneys' Fees and Costs

### A.        Entitlement to Fees

Petitioners seek attorneys' fees and costs incurred in bringing this petition. Dkt. 5 ("Pet. Mem.") at 4-7. "Ordinarily, attorney's fees cannot be recovered in a federal action in the absence of statutory authority." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Mountaintop Cabinet Mfr. Corp.*, No. 11-CV-8075 (JMF), 2012 WL 3756279, at *4 (S.D.N.Y. Aug. 29, 2012). Petitioners argue that in this case, Respondent's failure to abide by the arbitration award without justification justifies fees, and that courts "routinely award costs to the prevailing petitioners in actions to confirm an arbitration award." Pet. Mem. at 5. The Court agrees on both fronts.

It is well-established that a district court may exercise its inherent powers "to award attorney's fees to the prevailing party when the losing party has acted in bad faith, vexatiously,

wantonly, or for oppressive reasons." *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000).  In the context of a petition to confirm an arbitration award, attorneys' fees and costs may properly be awarded "when a [party] refuses to abide by an arbitrator's decision without justification." *Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985).  In this instance, Respondent agreed to submit all disputes relating to Fund payments to arbitration yet failed to appear at either the arbitration proceedings or these proceedings. Respondent has provided no justification for its absence, nor has it shown cause for its failure to abide by the arbitral award.  Attorneys' fees and costs are thus appropriate.  *See, e.g., New York City Dist. Council of Carpenters v. Galt Installations LLC*, No. 18 Civ. 7103 (ER), 2020 WL 2836480, at *5 (S.D.N.Y. May 29, 2020) ("Courts have routinely awarded attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." (quoting *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013))).

### B.    Reasonableness of Fees

Petitioners seek $1,542.00 in attorneys' fees, corresponding to 4.8 hours of work.  Pet. ¶ 39.  Counsel, from the firm of Virginia & Ambinder, has submitted contemporaneous time records that reflect the tasks performed and time spent in bringing this petition.  *See* Pet. ¶¶ 35-38, Ex. I.  According to the invoice, the firm billed the time of Nicole Marimon, a partner who graduated from law school in 2014, at a rate of $350 an hour, and Emily Barsamian, a legal assistant, at a rate of $120 an hour.   Pet. Ex. I; *id.* ¶¶ 36-38.

Generally, courts determine the initial amount of an attorneys' fee award by multiplying a reasonable hourly rate by the reasonable hours expended.  *See, e.g.*, *Lilly v. City of New York*, 934

F.3d 222, 229 (2d Cir. 2019).  District courts have "considerable discretion" to determine a reasonable hourly rate, considering the prevailing rates within the district in which the court sits. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008); *see Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (explaining that the reasonable hourly fee determination should be guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation").  "In determining whether an hourly rate is reasonable, courts must take into account the nature of the representation and type of work involved." *Trustees of Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Cooperation Funds v. Northcoast Maint. Corp.*, No. CV-17-5072 (DRH) (AYS), 2018 WL 2471201, at *4 (E.D.N.Y. May 4, 2018), *R. & R. adopted*, No. 17-CV-5072 (DRH) (AYS), 2018 WL 2465351 (E.D.N.Y. June 1, 2018).

With respect to Ms. Marimon's proposed rate, the Court finds $350 an hour to be "above the range of fees for similar services in other cases." *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. JB Squared Constr. Corp.*, No. 20 CIV. 2659 (KPF), 2020 WL 6825693, at *6 (S.D.N.Y. Nov. 19, 2020).  Although the requested rate is apparently the result of negotiations between the firm and the Funds, Pet. ¶ 38, and "the actual billing arrangement certainly provides a strong indication of what private parties believe is the 'reasonable' fee to be awarded," *Crescent Publ'g Grp., Inc. v. Playboy Enter., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001), courts within this circuit have declined to award Ms. Marimon this rate for recent work of a similar kind, even when that rate reflects a billing arrangement.  *See, e.g.*, *JB Squared*, 2020 WL 6825693, at *6.  Instead, they have held that slightly lower rates of $300 to $325 are more reasonable rates

8

for such work, including for similar work that Ms. Marimon completed as a partner. *See, e.g.*, *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship*, *Journeyman Retraining, Educ. & Indus. Fund v. Shorecon-NY, Inc.*, No. 17 Civ. 5210 (RA), 2020 WL 3962127, at *5 (S.D.N.Y. July 13, 2020) ("[C]ourts in this circuit have generally held that $300 is a reasonable rate for partners engaging in the work done here."); *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Triangle Enter. NYC, Inc.*, No. 20-CV-0793 (RA), 2020 WL 2306484, at *5 (S.D.N.Y. May 8, 2020) ("A rate of $300 per hour is generally considered reasonable for partners litigating petitions to confirm an arbitration award in this district."); *JB Squared*, 2020 WL 6825693, at *6 (finding $325 an hour to be an "appropriate rate" for Ms. Marimon's recent work on a petition to confirm arbitration). The Court sees no reason to deviate from that precedent in this instance. Although Ms. Marimon has somewhat more experience than she did at the time these cases were decided, the specific work required on this case, including its complexity and difficulty (or lack thereof), appears virtually identical to the work required on these previous cases. Accordingly, Petitioners' request for attorneys' fees is granted at the rate of $325 per hour for Ms. Marimon. With respect to the $120 per hour rate for the firm's legal assistant, the Court finds that rate to be reasonable and consistent with numerous recent decisions involving the firm. *See, e.g., JB Squared*, 2020 WL 6825693, at *7; *Triangle Enter. NYC, Inc.*, 2020 WL 2306484, at *6.

Turning to the number of hours billed, the Court has examined the submitted invoice and finds that the hours expended were reasonable. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeymen Retraining, Educ. & Indus. Fund v. Metroplex Serv. Grp., Inc*., No. 18 Civ. 5889 (PAE), 2018 WL 4141034, at *6

9

(S.D.N.Y. Aug. 30, 2018) (explaining that an invoice "reflects sound billing practices" when "it is thorough, detailed, relevant, and easy to understand, with no evident duplication of effort").  The Court thus grants attorneys' fees in the amount of $1,437, as well as the requested $70 in service fees associated with the filing of this petition, Pet. ¶ 40, "which is a standard cost for bringing actions in this district," *Triangle Enter. NYC, Inc.*, 2020 WL 2306484, at *6.

## III.    Post-Judgment Interest

Lastly, Petitioners seek post-judgment interest.  Pet. Mem. at 7.  Post-judgment interest is mandatory for civil money judgments recovered in federal district court pursuant to 28 U.S.C. § 1961(a).  *See Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004).  The Court thus grants Petitioner's request, and post-judgment interest "shall be calculated from the date of the entry of the judgment."  28 U.S.C. § 1961(a).

## CONCLUSION

For the foregoing reasons, the petition to confirm the arbitration award is granted.  The Clerk of Court is respectfully directed to enter judgment in the amount of $755,054.49, plus pre-judgment interest calculated at a rate of 7.5% per annum from the date of the award—December 18, 2019—through the date of judgment in this action.  Petitioners' requests for attorneys' fees in the amount of $1,437, costs in the amount of $70, and post-judgment interest at the statutory rate are also granted.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:     October 20, 2021
           New York, New York

_____
Ronnie Abrams
United States District Judge

10